# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC DASHUN HUNT,<br><br>Plaintiff,<br><br>v.<br><br>PARAM S. PABLA, et al.,<br><br>Defendants. | No. 2:19-CV-0737-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges various claims related to the validity of his sentence. For the reasons set forth below, this Court recommends the complaint be dismissed without leave to amend.

///
///
///
///
///
///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he was wrongfully convicted of "VC 10851 motor vehicle theft" and "PC 496(a) receiving known motor vehicle". Plaintiff alleges this is because "nothing showed that [he] took and exercised control over [the] stolen vehicle." Plaintiff further alleges that he should not have been convicted because of evidence showing his codefendant in the case, not Plaintiff, was behind the wheel of the stolen vehicle and in possession of the shaved keys. Lastly, Plaintiff states his fines should not have been conditions of his mandatory supervision.

## III. DISCUSSION

As currently set forth, the Court finds Plaintiff does not allege a constitutional or statutory violation currently cognizable under § 1983.

### A. **Judicial Immunity**

Beginning first with the claim against Defendant Orr. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Here, the complaint indicates Defendant Joseph Orr is a judge. Because judges have absolute immunity from actions for judicial acts taken within the jurisdiction of their courts, and Plaintiff seeks to hold Defendant Orr liable for such judicial acts, Defendant Joseph Orr is absolutely immune from Plaintiff's civil rights action.

///

///

**B.    Prosecutorial Immunity**

Turning to Defendant Sanchez.  Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  This immunity extends to actions during both the pre-trial and post-trial phases of a case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

Here, the complaint indicates Defendant Amanda Sanchez is a deputy district attorney.  Because state prosecutors have absolute immunity from actions taken within their official capacity, and Plaintiff seeks to hold Defendant Sanchez liable for her official acts, Defendant Amanda Sanchez is also immune from Plaintiff's civil rights action.

**C.    Private Parties**

As to Defendant Pabla, private parties are generally not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law).

Here, the complaint indicates Defendant Param S. Pabla is a private attorney. Private attorneys are not generally acting under color of state law.  Because a § 1983 claim can only be brought against defendants acting under color of any statute, ordinance, regulation, custom, or usage of any State, and there is no indication Defendant Param was acting under color of any statute, ordinance, regulation, custom, or usage of any State, Plaintiff's § 1983 civil rights claim cannot proceed against Defendant Param S. Pabla.  See Simmons, 318 F.3d at 1161.

**D.    *Heck* Bar**

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

    Here, Plaintiff alleges he was wrongfully convicted of motor vehicle theft under California Vehicle Code 10851 and receiving the stolen vehicle under California Penal Code 496(a) because his conviction was based on insufficient evidence. Plaintiff further alleges the fines he received should not have been conditions of his mandatory supervision. These claims amount to a collateral challenge to Plaintiff's underlying conviction and the resolution of these claims would necessarily invalidate Plaintiff's conviction and subsequent sentence. For that reason, these claims are not properly brought under § 1983, but rather should be brought under the § 2254 habeas statute. See Heck, 512 U.S. at 487 (holding when a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence the complaint must be dismissed unless the conviction or sentence has been invalidated).

///

///

### E. Causal Link

Additionally, even if Defendant Orr did not receive absolute judicial immunity, Defendant Sanchez did not receive complete prosecutorial immunity, Defendant Param was considered a state actor, and Plaintiff's claims were not Heck bared, Plaintiff's complaint still cannot pass screening as it fails to allege a causal link between the actions of the defendants and the alleged deprivations.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges all three Defendants wrongfully convicted him of motor vehicle theft under California Vehicle Code 10851 and receiving the stolen vehicle under California Penal Code 496(a). However, Plaintiff does not specifically name or address any individual Defendant in the substantive portion of the complaint, nor does Plaintiff allege how the Defendants' personal conduct violated Plaintiff's constitutional or statutory rights. Because Plaintiff fails to allege any facts indicating which Defendant engaged in the alleged unconstitutional action, Plaintiff has failed to satisfy Rule 8 pleading standard.

///
///
///
///

## IV. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE